IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

ROBERT S. WORTHY,

    Plaintiff,

v.

NATHAN DEAL, Governor;
CLYDE L. REESE, III, Commissioner;
KEITH HORTON, Director;
ANTHONY L. HARRISON, Judge;
STEPHEN D. KELLY, Judge;
J. SMITH, Manager; and MARY
J. SKELTON, Attorney,

    Defendants.

CIVIL ACTION NO.: CV212-159

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff filed an action pursuant to 42 U.S.C. § 1983. Plaintiff also filed a motion to proceed *in forma pauperis*.[1] The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

Plaintiff contends that he was arrested and jailed improperly due to his inability to pay his child support obligations. Plaintiff names as Defendants: Nathan Deal, Governor of Georgia; Clyde Reese, III, the Commissioner of the Department of Human Resources; Keith Horton, the Director of the Division of Child Support Services; Anthony

---

[1] The undersigned denied Plaintiff's original Motion to Proceed *In Forma Pauperis* because Plaintiff did not provide sufficient information. To the extent Plaintiff's response to the undersigned's Order is a renewed Motion to Proceed *In Forma Pauperis*, Plaintiff's Motion will be denied.

Harrison and Stephen Kelly, both of whom are superior court judges; J. Smith, the manager of the Wayne County Child Support Office; and Mary Skelton, a Special Assistant Attorney General.[2]

Plaintiff makes no factual allegations in his Complaint against Defendants Deal, Reese, Horton, or J. Smith. A plaintiff must set forth "a short and plain statement of the claim showing that [he] is entitled to relief." FED. R. CIV. P. 8(a)(2). As Plaintiff has failed to make any factual allegations against Defendants Deal, Reese, Horton, or J. Smith, his claims against these Defendants should be dismissed.

In addition, Plaintiff's claims against Defendants Deal, Reese, and Horton are barred by the Eleventh Amendment. These claims are considered claims against the State of Georgia. In general, nonconsenting States may not be sued by private citizens, even in their own courts. Bd. of Trustees of the Univ. of Ala. v. Garrett, 531 U.S. 356, 363 (2001). There are two exceptions: Congress may abrogate the States' sovereign immunity under a "valid grant of constitutional authority," Kimel v. Fla. Bd. of Regents, 528 U.S. 62, 73 (2000), or a State may waive its sovereign immunity. Lapides v. Bd. of Regents of the Univ. Sys. of Ga., 535 U.S. 613, 618 (2002). Plaintiff has not pointed to any valid abrogation of sovereign immunity with regard to his claims. Plaintiff has also not pointed to any waiver of sovereign immunity. Thus, Plaintiff's claims against Defendants Deal, Reese, and Horton should be dismissed for this reason, too, as such claims are barred by sovereign immunity.

---

[2] Plaintiff has sued all Defendants in his or her individual capacity. However, it is clear that Plaintiff seeks to hold these individuals liable based on actions taken during the performance of these individuals' job duties.

2

Further, "[j]udges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity, unless they acted in a clear absence of jurisdiction." Mireles v. Waco, 502 U.S. 9, 9-12 (1991). The Supreme Court has stated that "the scope of the judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." Stump v. Sparkman, 435 U.S. 349, 356 (1978). Plaintiff has not shown that Judges Harrison or Kelly acted in the clear absence of jurisdiction. Plaintiff's claims against Defendants Harrison and Kelly should be dismissed.

Moreover, prosecutors are immune from liability under the doctrine of prosecutorial immunity for actions taken within the scope of their office. Imbler v. Pachtman, 424 U.S. 409, 430 (1976). Prosecutorial immunity in § 1983 suits is derived from judicial immunity. Id. at 427. Policies supporting prosecutorial immunity include concerns "that harassment by unfounded litigation would cause a deflection of the prosecutor's energies from his public duties and the possibility that he would shade his decisions instead of exercising the independence of judgment required by his public trust." Id. Plaintiff has not shown that Defendant Skelton acted outside the scope of her duties in prosecuting the contempt proceedings against Plaintiff, and Plaintiff's claims against Defendant Skelton should be dismissed.

To the extent Plaintiff asserts his right to counsel was violated because he was not provided with counsel at his civil contempt proceedings due to his failure to pay his child support obligations, such a claim must fail. Turner v. Rogers, ___ U.S. ___, 131 S. Ct. 2507, 2520 (June 20, 2011) (finding that the due process clause does not

3

automatically require the provision of counsel at civil contempt proceedings to an indigent person, even if that person faces incarceration).

Plaintiff's request to proceed *in forma pauperis* is **DENIED**. Plaintiff's Complaint should be **DISMISSED** based on his failure to state a claim on which relief may be granted.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 23rd day of October, 2012.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)